# EXHIBIT A

A TRUE COPY ATTEST
CONSTABLE
Matthew Pauliks
DATE OF SERVICE
10/31

# CIVIL COURT OF THE CITY OF NEW YORK
# COUNTY OF NEW YORK

Milady Deleon,

Plaintiff,

—against—

Action Collection Agency of Boston,

Defendant(s).

Index No. 23946 2017

## SUMMONS

The basis of the venue designated is
Plaintiff's Residence:
10 Stanton St Apt 6B
New York, NY 10002

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of New York at the office of the Clerk of the said Court at 111 Centre Street, New York, NY 10013 in the County of New York, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: October 19, 2017
Brooklyn, New York

FILED
OCT 24 2017
NEW YORK COUNTY
CIVIL COURT

Law Offices of Stuart Werbin

By: _____
Stuart D. Werbin, Esq.
1615 Avenue L, Ste. 519
Brooklyn, NY 11230
Tel (646) 942-7464
Fax (347) 710-1015
swerbin@werbinlaw.com
*Attorneys for Plaintiff*

NOTE: The laws or rules of court provide that:

(a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, within the County of New York, you must appear and answer within TWENTY (20) days after such service; or

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Milady Deleon,

        Plaintiff,

– against –

Action Collection Agency of Boston,

        Defendant(s).

Index No.: 23946/2017

**VERIFIED COMPLAINT**

Plaintiff MILADY DELEON, by and through her attorneys, Law Offices of Stuart Werbin, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Milady Deleon, is an adult residing in New York, NY.

3. Defendant Action Collection Agency of Boston is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 16 Commerce Boulevard, Unit #4, Middleboro, MA 02346. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

6. Defendant Action Collection Agency of Boston ("ACA") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to GPDDC LLC.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. ACA sent Plaintiff an initial validation letter dated August 18, 2017.

9. This letter fails to identify the current creditor to whom the debt is owed, in violation of the FDCPA.

10. The top of this letter states the following:

    Action Collection Agency of Boston
    Ask for Mr Jones
    Re: GPDDC LLC

11. The body of this letter states the following, in relevant part:

    The above-named creditor has referred your account to us.

12. Nowhere in the letter is the current creditor identified, nor ACA's relationship to the current creditor. The least sophisticated consumer would be unsure if the current creditor were GPDDC LLC, Action Collection Agency of Boston, "Mr Jones", or some other third party. As such, ACA has violated the FDCPA.

13. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CAUSE OF ACTION
(Fair Debt Collection Practices Act)

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 herein.

17. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

18. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

19. The FDCPA 15 U.S.C. § 1692g(a)(2) requires that a validation notice clearly identify the name of the creditor to whom the debt is owed. Defendant's initial

dunning letter to Plaintiff fails to identify the current creditor, in violation of § 1692g(a)(2).

20. The FDCPA 15 U.S.C. § 1692e prohibits any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendant's initial dunning letter to Plaintiff failed to clearly and accurately identify the creditor to whom the debt is owed, in violation of § 1692e.

21. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment in the sum of $10,000.00 be entered against Defendant as follows:

1) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4) That the Court grant such other and further relief as may be just and proper.

Dated: October 19, 2017
Brooklyn, New York

**Law Offices of Stuart Werbin**

By: _____
Stuart D. Werbin, Esq.

1615 Avenue I, Ste. 519
Brooklyn, NY 11230
Tel (646) 942-7464
Fax (347) 710-1015
swerbin@werbinlaw.com
*Attorneys for Plaintiff*

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK    )
                                        ) ss.:
COUNTY OF KINGS    )

I, STUART D. WERBIN, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am the principal attorney for the Law Offices of Stuart Werbin, attorneys for MILADY DELEON, the plaintiff in the foregoing matter, with an office located at 1615 Avenue I, Ste. 519, Brooklyn, NY 11230. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason why this verification is made by deponent instead of plaintiff is because plaintiff is not within the County of Kings which is the county where the deponent has his office.

Dated: October 19, 2017
Brooklyn, New York

_____
STUART D. WERBIN