USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MILADY DELEON,

                Plaintiff,

v.

ACTION COLLECTION AGENCY OF BOSTON,

                Defendants.

No. 17-CV-8899 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Milady Deleon brings this action alleging that a collection letter sent to her by Defendant Action Collection Agency of Boston ("ACA Boston") violated Sections 15 U.S.C. 1692g(a)(2) and 1692e of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff contends that the collection letter failed to sufficiently identify the name of the creditor to whom the debt was owed. Both parties now move for summary judgment. For the reasons stated below, Defendant's motion for summary judgment is granted and Plaintiff's motion is denied.

## BACKGROUND

### I. Factual Background

Gramercy Park Digestive Disease Center ("GPDDC") is a registered New York limited liability company registered to do business under the name GPDDC, LLC. Affidavit of Jay E. Gonsalves, ¶ 10 (Dkt. 9, Ex. 1) ("Gonsalves Aff."). On August 17, 2017, GPDDC referred Deleon's account to ACA Boston to collect her outstanding debt. *Id.* ¶ 5. The next day, ACA Boston sent the following letter to Deleon, ("the Letter"). *Id.* ¶ 12, Ex. C, which is reproduced below with redactions made by Plaintiff:


## Action Collection Agency
*of Boston*

PO Box 902 • Middleboro MA 02346-0902 • (508) 923-0310 • www.acapayments.com
Toll Free Outside Greater Middleboro 1-866-467-4907

MA LIC # DC0012    NYC LIC# 106617

Office Hours:
M-T-W-TH  8AM-9PM
FRIDAY    8AM-5PM
SAT       8AM-12PM

Office Location
16 Commerce Blvd.
Unit #4
Middleboro, MA 02346

Date: 8/18/2017
Client Acct. No.:
Acct. No.:

Ask for Mr Jones
Re: GPDDC LLC
Balance:

Dear Milady Deleon,

The above-named creditor has referred your account to us. According to their records, the overdue amount is shown above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please make your check payable to the creditor and send it to our office or make payment online at www.acapayments.com.

This communication is from a third party debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

See reverse side for important notices and consumer rights.

***Detach Lower Portion and Return with Payment***

IUNACAB0111

UNACAB01
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

| CIRCLE CARD USING FOR PAYMENT | | | |
|---|---|---|---|
| CARD NUMBER | | 3 DIGIT SECURITY CODE (on back of card) | EXP. DATE |
| SIGNATURE | | | AMOUNT PAID $ |

August 18, 2017

Milady Deleon

Action Collection Agency
PO Box 902
Middleboro MA 02346-0902

| Client Acct No | Acct No | Balance |
|---|---|---|
| 58901 | D001221904 | $1500.00 |

## II. Procedural History

On October 19, 2017, Plaintiff filed the instant action against Defendant in the Civil Court of the City of New York, asserting that the Letter was in violation of the FDCPA. On November 15, 2017, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a). Defendant file an Answer on November 22, 2017 and moved for summary judgment on January 23, 2018. Dkts. 5, 8, 9. On February 2, 2018, Plaintiff opposed the motion and cross-moved for summary judgment.

## STANDARD OF REVIEW

The grant of a motion for summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To do so, the movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The court must read all facts in the light most favorable to the non-moving party." *Koch v. Town of Brattleboro, Vermont*, 287 F.3d 162, 165 (2d Cir. 2002). Once the movant carries this initial burden, the burden shifts to the non-movant to "show[] that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Accordingly, the non-movant must come forward with enough evidence "on which the jury could reasonably find [in their favor]." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotation omitted).

"The same standard applies where, as here, the parties filed cross-motions for summary judgment . . . . [E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Entm't Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

3

## DISCUSSION

Plaintiff asserts two violations of the FDCPA. Both claims are premised on the same contention that the Letter failed to adequately identify the name of the creditor to whom Plaintiff's debt was owed. For the reasons that follow, Defendant's motion for summary judgment on both claims is granted and Plaintiff's cross-motion is denied.

### I. Legal Standard

"[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (internal quotation omitted). This is "an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector." *DeSantis v. Comput. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (internal quotation omitted). The least sophisticated consumer standard "seeks to protect the naïve from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (citations and quotations omitted). Accordingly, "courts have carefully preserved the concept of reasonableness" when developing this standard. *Id.* (citation omitted).

In determining reasonableness, "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993) (internal quotation omitted). "[C]ollection notices are not deceptive simply because certain essential information is conveyed implicitly rather than explicitly," *id.* at 1319; they must be analyzed as a whole, *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002). "In the Second Circuit, the least sophisticated consumer standard may be applied as a matter of law and thus is an appropriate issue

4

for disposition on a motion for summary judgment." *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 253 (S.D.N.Y. 2011) (quotation marks omitted).

## II.     Section 1692g(a)(2)

Plaintiff first asserts that Defendant violated the FDCPA by failing to adequately identify the creditor in the Letter. Section 1692g(a)(2) mandates that a debt collector, in its initial communication to the consumer or in a subsequent notice sent within five days of the initial communication, give the consumer notice of certain information, including "the name of the creditor to whom the debt is owed[.]"

Plaintiff correctly notes that "merely including a creditor's name in the caption of a debt collection letter is not, without more explanation, sufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, 2016 U.S. Dist. LEXIS 143627, at *11 (E.D.N.Y. Oct. 17, 2016) (internal quotation omitted). Rather, "a communication must clearly and effectively convey [the creditor's] role in connection with the debt." *Id.* at *9–10 (alteration in original) (internal quotation omitted). But a collection letter can satisfy § 1692g(a)(2) by identifying the relationship between the debt collection agency and the creditor, regardless of whether it explicitly uses the word "creditor." In *Polizois v. Vengroff Williams, Inc.*, 2018 U.S. Dist. LEXIS 47544, at *12 (E.D.N.Y. Mar. 22, 2018), for instance, the court approved a collection letter naming the creditor as "client" at the top of the letter and stating that the sender was a "debt collection agency" that had "been engaged by the above creditor." *See also Romano v. Schachter Portnoy, L.L.C.*, 2017 U.S. Dist. LEXIS 100312, at *5–6 (E.D.N.Y. June 28, 2017); *Wright v. Phillips & Cohen Assocs.*, 2014 U.S. Dist. LEXIS 126804, at *12 (E.D.N.Y. Sep. 9, 2014).

Reading the Letter here as a whole, the least sophisticated consumer would understand that the creditor is GPDDC, LLC. The Letter not only refers to the creditor, but does so in a manner

that identifies the relationship between the debt collector, ACA Boston, and the creditor. The first line of the body of the Letter states: "The above-named creditor has referred your account to us." Dkt. 9, Ex. C. The name of the creditor appears just above that, in the subject line of the Letter, which reads: "Re: GPDDC LLC." *Id.* The letter also instructs the recipient to make the check payable to "the creditor and send it to our office," making clear that the creditor and the sender are distinct. *Id.* The Letter ends by clarifying that "[t]his communication is from a third party debt collector." *Id.* The Letter thus adequately conveys that it was written by a debt collector on behalf of a creditor, namely GPDDC, LLC, and thus satisfies § 1692g(a)(2).

The two cases that Plaintiff relies on are inapposite. In *Datiz v. Int'l Recovery Assocs.*, 2016 U.S. Dist. LEXIS 102695 (E.D.N.Y. Aug. 4, 2016), the letter only named the creditor in the subject line, as did the one here. Unlike the Letter here, however, the letter in *Datiz* did not even "implicitly suggest" that the entity listed in the subject line was the plaintiff's creditor, nor did "it make clear what, if any, relationship the [entity] ha[d] to the Defendant or the Plaintiff's underlying debt." *Id.* at *30. Instead, the *Datiz* letter merely stated: "Please be advised that this account has been listed with our office for collection." *Id.*

Similarly, in *McGinty v. Prof'l Claims Bureau, Inc.*, 2016 U.S. Dist. LEXIS 143627 (E.D.N.Y. Oct. 17, 2016), the letter named the creditor only in the subject line. The letter also failed, however, "to make clear on whose behalf [the defendant] was acting when it sent the Collection Letters." *Id.* at *12. The letter merely stated that "[t]he above referenced account [had] been referred to [the defendant's] offices for collection[.]" *Id.* In contrast to the Letter here, the collection letters in *Datiz* and *McGinty* both failed to clearly specify the relationship between the creditor and the debt collector.

Plaintiff also asserts that the Letter failed to adequately identify the creditor because there are multiple entities mentioned that could be interpreted to be the creditor. Collection notices "can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1319). Specifically, Plaintiff alleges that the Letter can be read to suggest that the creditor was ACA Boston or Mr. Jones, rather than GPDDC, LLC, given that all three are mentioned before the reference to the "above-named creditor." The Court disagrees—the least sophisticated consumer reading the Letter as a whole simply would not conclude that either ACA Boston or Mr. Jones was the creditor. Even though the Letter was sent on ACA Boston's letterhead, the body of the letter explicitly clarifies that the sender, ACA Boston, was acting as "a third party debt collector." Dkt. 9, Ex. C. The Letter also makes clear that the sender is distinct from the creditor, as it states that the creditor has "referred your account to us," and that the check should be made payable to "the creditor" but sent to "our office." *Id.*

The Letter's sole reference to Mr. Jones must also be read in context. The Letter's statement directing Plaintiff to "Ask for Mr Jones" is directly above the subject line which reads "Re: GPDDC LLC." *Id.* It would be apparent to the least sophisticated consumer that the statement to "Ask for Mr. Jones" was an instruction to the recipient, if the recipient were to contact the sender. It would not be reasonable to read that instruction as containing the name of the creditor. The Letter is thus not open to more than one reasonable interpretation and does not violate § 1692g(a)(2).

The fact that the Letter identifies the creditor by an acronym does not alter this conclusion. To comply with the FDCPA, "a creditor may use the name under which it usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the

7

credit relation. . . . [A] debt collector need not necessarily use the creditor's full legal or business name in its collection notices sent to consumers." *Hernandez v. Prof'l Claims Bureau, Inc.*, 2017 U.S. Dist. LEXIS 193819, at *8–9 (S.D.N.Y. Sep. 23, 2017) (citations and quotation marks omitted). Here, the creditor is identified in the Letter as GPDDC, LLC, the name of GPDDC's legal entity and the name it uses "in the course of its business." Gonsalves Aff., ¶¶ 8–11, Ex. A. The acronym "GPDDC" is also featured prominently on the organization's website, including just below the official logo. *Id.*, Ex. A. Indeed, the "About" section of the website is titled "ABOUT GPDDC." *Id.* The use of the name "GPDDC, LLC" in the Letter thus adequately identifies the creditor. In sum, the Letter complied with § 1692g(a)(2). Defendant's motion for summary judgment on this claim is therefore granted.

### III. Section 1692e

Plaintiff next asserts that Defendant also violated 15 U.S.C. § 1692e of the FDCPA for the same reason: that it failed to adequately identify the name of the creditor in the Letter. Section 1692e states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.". The section provides a non-exhaustive list of prohibited conduct that would constitute a violation, including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

"Courts in the Second Circuit have held that a failure to identify a creditor in violation of 15 U.S.C. § 1692g(a)(2) is also a false, deceptive, or misleading representation for purposes of 15 U.S.C. § 1692e." *McGinty*, 2016 U.S. Dist. LEXIS 143627, at *18. "The standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g." *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 666 (S.D.N.Y. 2006). The Court has already concluded that Defendant

adequately identified the name of the creditor as required by § 1692g, and the Letter is not false, deceptive, or misleading pursuant to § 1692e for the same reasons. *See Polizois*, 2018 U.S. Dist. LEXIS 47544, at *13 (finding, based on the same reasons, that a collection letter that did not violate § 1692g(a)(2) also did not violate § 1692e). Defendant's motion for summary judgment as to Plaintiff's claim under §1692e of the FDCPA is thus granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted in its entirety and Plaintiff's motion for summary judgment is denied. The Clerk of Court is respectfully directed to terminate docket entry 8 and close this case.

SO ORDERED.

Dated: May 3, 2018
New York, New York

Ronnie Abrams
United States District Judge